■     AMIGO FOODS CORP., Respondent, v MARINE MIDLAND BANK-NEW YORK et al., Defendants. E. H. PARENT, INC., et al., Cross-Appellants; AROOSTOOK TRUST COMPANY, Appellant.—Order, Supreme Court, New York County, entered on October 2, 1974, referring the issues presented on defendant-appellant Aroostook's motion to dismiss for lack of personal jurisdiction, to a Special Referee to hear and report, reversed, on the law, defendant Aroostook's motion granted, and the complaint dismissed and the action severed as to said defendant-appellant; and said defendant-appellant shall recover of plaintiff-respondent and defendants-respondents-appellants one bill of $40 costs and disbursements of this appeal. The majority of the court is of the view that jurisdiction over Aroostook cannot be sustained under any of the subdivisions of CPLR 302, which are relied upon by plaintiff, and the defendants-cross-appellants, the Parents. The section simply does not reach Aroostook. CPLR 302 (subd [a], par 1) requires the transaction of business here; CPLR 302 (subd [a], par 2) requires the commission of a tortious act here and CPLR 302 (subd [a], par 3) is based upon a tortious act committed without the State causing injury within the State. The jurisdictional requisites of these subdivisions, or any one of them, have not been demonstrated. Aroostook itself did not transact business here and did not commit a tort here, and, in fact, any claim or claims which plaintiff may recover upon, sound, not in tort, but in contract. All that

Aroostook did with regard to the underlying transactions was to perform services for its Maine depositor, the Parents, in that State. Its role in the transactions was arranged by plaintiff and the Parents, for the latter's convenience, without advance knowledge of Aroostook of such arrangement. Its only role was to advise its depositor of the receipt of the letters of credit and to receive payment from defendant, Marine Midland Bank. Its acquiescence was due to its relationship to its depositor and, as stated, such activity took place in Maine. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. * * * it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *(Hanson v Denckla,* 357 US 235, 253.) The contention of plaintiff and defendants-cross-appellants that jurisdiction may be based on Aroostook's relationship with Irving Trust Company is without merit and does not require a hearing, as directed by Special Term. Defendant, Irving Trust Company, as Aroostook's correspondent, was not the latter's agent in New York, but, rather, these banks were, at most, independent contractors with respect to each other. (See *Asbury Park & Ocean Grove Bank v National City Bank of N. Y.,* 35 NYS 2d 985, affd. 268 App Div 984; *Scanlon v First Nat. of Mexico Bank,* 249 NY 9, 13.) Aroostook, itself, not having transacted any business here and not having purposefully interjected itself into the transactions here and Irving, not constituting its agent here, it follows that there was no transaction of business in New York by Aroostook. To subject Aroostook to our jurisdiction would, therefore, clearly offend "the traditional notions of fair play and substantial justice". *(Milliken v Meyer,* 311 US 457, 463.) Concur—Capozzoli, Lane and Nunez, JJ.; Kupferman, J. P., and Murphy, J., dissent and would affirm on the opinion of Fein, J., at Special Term.